UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>   Plaintiff,<br><br>   v.<br><br>RIOS, et al.,<br><br>   Defendants. | No. 2:18-cv-3224-EFB P<br><br>ORDER |

Plaintiff, a civil detainee, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court granted his application to proceed in forma pauperis, directed that monthly payments be made from his prison account, and dismissed his complaint with leave to amend after finding that it failed to include a request for relief. ECF Nos. 10 & 11. Plaintiff has now submitted a motion for reconsideration (of the court's initial screening order) and to vacate order for filing fees. ECF No. 13. For the reasons stated hereafter, the motion is granted in part and the order collecting filing fees is vacated.

<u>Filing Fees</u>

Plaintiff has informed the court that he is a civil detainee.[1] ECF No. 15 at 1. A civil detainee is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and 42 U.S.C. § 1997e(h).

---

[1] Obviously if the court subsequently determines that plaintiff is not a civil detainee, then a collection order will re-issue.

1

1 | *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[O]nly individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997(e) and 28 U.S.C. § 1915."). Accordingly, as a civil detainee he is not required to pay filing fees and the court will vacate its order directing that monthly payments be made from his account. *See*, *e.g.*, *Padilla v. United States Customs & Border Protection*, No. CV-18-01032-PHX-SRB (BSB), 2018 U.S. Dist. LEXIS 158258, *3 (D. Ariz. Aug. 17, 2018) ("Because Plaintiff is a civil detainee and not a prisoner, Plaintiff is not required to pay the filing fees for this action.").

Motion for Reconsideration

Plaintiff's motion for reconsideration of the order dismissing his complaint with leave to amend must be denied. District courts have wide latitude in deciding whether to grant reconsideration of a previous order. *See Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003). Generally, reconsideration is proper "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Id.* None of the foregoing elements has been met. The court has done its best to make sense of the content of plaintiff's motion for reconsideration, but little therein is intelligible. Plaintiff vaguely references a "set-a-kay constructive trust" and asserts that the trust is "void and fraudulent." ECF No. 13 at 7-8. Elsewhere, he claims that he has had "more occasions of excessive force with serious medical issues . . . ." *Id.* at 2. To the extent that any of these contentions challenge payment of filing fees, the court has already (as noted *supra*) vacated its collection order. Nothing in the motion for reconsideration, however, gives the court reason to reconsider its initial screening order.

Motion to Disqualify

Plaintiff has also filed a motion to disqualify (ECF No. 16) which is difficult to parse. The court can glean that plaintiff is still attacking the initial assessment of fees which, as noted *supra*, the court has now vacated. Plaintiff has offered no other intelligible rationale or argument for disqualification and, thus, the motion will be denied.

/////

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motion for reconsideration and to vacate order for filing fees (ECF No. 13) is GRANTED in part as follows:

    a. The court's order directing that monthly payments be made from plaintiff's prison account (ECF No. 11) is VACATED;

    b. The motion is DENIED in all other respects.

2. The Clerk is directed to serve a copy of this order on the custodial agency; and

3. Plaintiff's motion to disqualify (ECF No. 16) is DENIED.

DATED: September 24, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE