UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

v.

RIOS, et al.,

    Defendants.

No. 2:18-cv-3224-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a civil detainee, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court dismissed his initial complaint with leave to amend on July 24, 2019. ECF No. 10. Plaintiff has since filed two amended complaints (ECF Nos. 14 & 18) which, substantively, address two entirely different incidents. The court will screen the later filed complaint, direct service for those defendants, and recommend that the defendants associated with the earlier filed complaint be dismissed without prejudice.

Screening

I.    Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff alleges that, on August 19, 2019, he attempted to commit suicide. ECF No. 18 at 3. As a consequence, medical officials directed that he be moved to a secure location where he could be carefully observed. *Id.* Plaintiff claims that the named defendants – Gebheart, Aube, and Curtis – were the correctional officers at California State Prison, Sacramento assigned with transporting him. *Id.* He alleges that, rather than following the directives of medical staff, these officers moved him to a separate holding cell where he was kept in full body restraints and afforded no medical observation. *Id.* Plaintiff claims that he suffered severe pain and lacerations to his wrists and ankles as a consequence of the restraints. *Id.*

The court finds that these allegations taken as true and drawing reasonable inferences in plaintiff's favor, are sufficient to state an Eighth Amendment claim for medical deliberate indifference against the three named defendants.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint alleges, for screening purposes, a viable Eighth Amendment claim for medical deliberate indifference against defendant correctional officers Gebheart, Aube, and Curtis, employees at California State Prison, Sacramento; and

2. The Clerk of Court is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that:

1. Defendants Rios and White be DISMISSED as parties to this action insofar as neither is alleged to have involvement in the incident alleged in the current operative complaint; and

2. This matter be referred back to the undersigned to initiate service of process of the Eighth Amendment claim for medical deliberate indifference against defendants Gebheart, Aube, and Curtis pursuant to the Court's E-Service pilot program for civil rights cases for the Eastern District of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3